## FAY v. AMERICAN CYSTOSCOPE MAKERS, Inc., et al.

United States District Court S. D. New York.

May 4, 1951.

Frank Scheiner, New York City, for plaintiff. Morton Friedman, New York City, of counsel.

Satterlee, Warfield & Stephens, New York City, for defendant American Cystoscope Makers, Inc. F. W. H. Adams and David Asch, New York City, of counsel.

RYAN, District Judge.

Plaintiff moves to remand. In the complaint filed in the New York Supreme Court, three causes of action are set forth.

The first cause of action substantially charges a conspiracy among the defendants, American Cystoscope Makers, Inc., a New York corporation (hereafter, Cystoscope), Max Sanchez, individually and as president of Local 1614, International Brotherhood of Electrical Workers, AFL (hereafter Local 1614), and Milton Silverman, individually and as business manager of Local 1614. The object of the conspiracy alleged to have been entered into de-

liberately and with malice is asserted to be the destruction of Local 475, United Electrical Radio and Machine Workers of America (hereafter Local 475) of which plaintiff is president. This purpose, it is alleged, was to be achieved in part by inducing Cystoscope to breach and by Cystoscope breaching a collective bargaining contract which it entered into with Local 475—a contract, which by its terms is not to expire until June 1, 1951, and with respect to which Local 475 has duly performed all conditions and obligations required to be performed on its part.

The second cause of action, after repeating the allegations of the first cause of action, charges in effect that the defendants, Sanchez and Silverman, individually and as officers of Local 1614, with knowledge of the collective bargaining agreement knowingly and maliciously induced Cystoscope to breach its contract with Local 475.

The third cause of action, repeating all preceding allegations, substantially charges that Cystoscope, wilfully "and for the purpose and with the intent of interfering with and destroying its contracts and its good will, reputation and effectiveness as a labor union * * *" breached its contract with Local 475. Alleged instances of violations are then pleaded.

Defendant Cystoscope removed the action to this court by petition duly filed pursuant to the provisions of 28 U.S.C.A. § 1441(a), alleging that the suit herein sets forth a claim over which the district court has original jurisdiction under 29 U.S.C.A. § 185. The invoked section provides, in pertinent part, as follows: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

■ It seems clear that the third cause of action does advance essentially a claim founded on breach of contract, and that this feature of the complaint is not affected by additional recitals of conspiracy. See, Freidman v. Roseth Corp., 270 App.Div. 988, 62 N.Y.S.2d 663, affirmed 297 N.Y. 495, 74 N.E.2d 192. The complaint, however, does not allege that the union represents employees in an industry affecting commerce, a prerequisite to federal jurisdiction under 29 U.S.C.A. § 185. That Local 475 does, in fact, represent such employees plaintiff does not dispute on the present motion; but plaintiff does question the right of this court to look outside the allegations of the complaint to ascertain such fact.

■ The normal rule in removal proceedings prohibits the court from looking outside the complaint, to determine whether or not a suit arises under federal law. See, Gully v. First National Bank, 1936, 299 U.S. 109, 113, 57 S.Ct. 96, 81 L.Ed 70. However, where federal jurisdiction hinges on the parties', or one of them, having a particular status, the court may ascertain the existence of that status independently of the complaint. This latter rule has been applied to permit the court to ascertain the existence of diversity of citizenship, see, Chappell v. Waterworth, 1894, 155 U.S. 102, 107, 15 S.Ct. 34, 39 L.Ed. 85, and the federal nature of a receiver, Winters v. Drake, C.C., 1900, 102 F. 545, a corporation, Texas & Pacific Ry. Co. v. Cody, 1897, 166 U.S. 606, 17 S.Ct. 703, 41 L.Ed. 1132, and a marshal, Wood v. Drake, C.C., 1895, 70 F. 881.

■ The jurisdiction of the district court under 29 U.S.C.A. § 185 depends upon one of the parties' holding a particular status, that is, a union representing employees in an industry affecting commerce. Where that status is asserted to exist, but is not mentioned in the complaint, the court is of the opinion that it may apply the status rule on removal and look beyond the complaint to ascertain the fact. To hold otherwise would vest the plaintiff with power to withhold from a defendant the use of that forum which Congress has chosen to make available.

■ Such power in the plaintiff could only be justified if Section 185 left intact

a separate and independent state cause of action for contract between unions and employers where the component of interstate commerce was present. If that were the fact, plaintiff might properly rely on the principle that he may elect to rely upon whichever law he desires. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716. However, in the light of the determination that the section creates a new, federal, substantive right, Shirley-Herman Co. v. International Hod Carriers, etc., 2 Cir., 1950, 182 F.2d. 806, it seems clear that Congress preempted the field in this area.

The suggestion that plaintiff should be permitted to compel defendant to litigate a federal claim in a state court when Congress has explicitly made available a federal forum is indefensible. Motion to remand is denied. Cf., Amalgamated Ass'n, etc., Motor Coach Employees of America v. Wisconsin Employment Relations Board, 340 U.S. 383, 71 S.Ct. 359, Id., 340 U.S. 416, 71 S.Ct. 373.