**APEX BEAUTY PRODUCTS MANUFACTURING CORPORATION, d.b.a. Apex Beauty Products, Plaintiff,**

v.

**BROWN SHOE COMPANY, Inc., Defendant.**

United States District Court
S. D. New York.

Sept. 17, 1962.

Rosenman, Colin, Kaye, Petschek & Freund, New York City, for plaintiff, Andrew J. Schoen, New York City, Bartholomew Diggins, and Daniel W. Sixbey, Washington, D. C., of counsel.

Sullivan & Cromwell, New York City, Gravely, Lieder & Woodruff, St. Louis Mo., for defendant, Henry N. Ess, III, Peter R. Fisher, New York City, Richard G. Heywood, St. Louis, Mo., of counsel.

DAWSON, District Judge.

This is a motion brought on by the defendant Brown Shoe Company seeking to dismiss the complaint pursuant to Rule 12(b) (1) of the Federal Rules of Civil Procedure, 28 U.S.C. on the ground that this court lacks jurisdiction over the subject matter.

The action is one for declaratory judgment wherein plaintiff seeks (1) a determination that it has the right to use the unregistered trademark "Apex Naturalizer" in commerce on a hair preparation, (2) an order restraining defendant from interfering with plaintiff's use of the said trademark, and (3) an order directing the Patent Office to register plaintiff's trademark.

The complaint states that plaintiff is engaged in commerce and has adopted the trademark "Apex Naturalizer" for a hair preparation. Plaintiff has a trademark application now pending before the United States Patent Office seeking registration of this mark. The complaint further alleges that defendant claims to be the holder of the registered

trademark "Naturalizer" for use in connection with the manufacture and sale of shoes, and is the owner of federal trademark registrations No. 236545 and No. 415873 related thereto. It goes on to assert that the defendant has given notice to the plaintiff of a claim of unfair competition, charging infringement of its registered mark by reason of the plaintiff's use of the mark "Apex Naturalizer," and that a justiciable controversy arises thereby.

The issue raised by this motion is whether a federal court has jurisdiction under 28 U.S.C. § 2201 (Declaratory Judgment Act) and 15 U.S.C.A. § 1121 (Lanham Act) of an action for declaratory judgment arising under the federal trademark laws when the party bringing the action does not allege ownership of a federally registered trademark but relies rather on the factual jurisdictional allegation that the defendant's mark is registered. The answer clearly is affirmative.

This is not the type of case in which an attempt is made to adjudicate trademark rights in the federal court where neither party to the action is the owner of a federally registered mark. In those cases, as defendant correctly points out, it is well settled that the federal courts have no jurisdiction on the basis of the federal trademark laws alone, absent diversity or other independent jurisdictional grounds, to determine the rights of a plaintiff in a common law trademark. Universal Sewing Machine Co. v. Standard Sewing Equipment Corp., 185 F.Supp. 257 (S.D.N.Y.1960).

In the instant case plaintiff seeks declaratory judgment in a dispute arising over the alleged infringement of defendant's mark which is concededly a federally registered trademark. The complaint alleges, and the defendant does not urge otherwise, that a justiciable controversy has been engendered by virtue of the defendant's charges of unfair competition and infringement of its registered trademark. Certainly if defendant wished to take the initiative in bringing

suit alleging infringement of its trademark there would be no question as to the federal court's jurisdiction. Now the converse of that situation is before the court in an action for declaratory judgment and the same basis for jurisdiction is applicable. Eastman Kodak Co. v. Velveray Corp., 175 F.Supp. 646 (S.D.N.Y.1959) and King Kup Candies v. H. B. Reese Candy Co., 134 F.Supp. 463 (D.C.Pa.1955).

Motion denied. So ordered.