**PRODUCT ENGINEERING AND MANUFACTURING, INC., Appellant,**

v.

**Andrew F. BARNES, Appellee.**

**No. 413–69.**

United States Court of Appeals,
Tenth Circuit.

April 10, 1970.

Duane C. Burton, Denver, Colo. (Philip H. Sheridan, Sheridan, Ross & Burton, Denver, Colo., on the brief), for appellant.

John E. Reilly, Denver, Colo., for appellee.

Before BREITENSTEIN, SETH, and HOLLOWAY, Circuit Judges.

SETH, Circuit Judge.

This appeal presents as its sole issue the question of whether the district court properly dismissed a suit by Product Engineering and Manufacturing, Inc. seeking a declaratory judgment.

The pertinent facts are as follows: On September 9, 1968, Andrew F. Barnes, the defendant-appellee herein, filed a suit against Product Engineering and Manufacturing, Inc., in a State district court of Colorado. That action was brought to enforce a patent licensing agreement and to recover royalty payments allegedly due under the terms of a licensing agreement for the manufacture of a beet topping machine entered into between Barnes and Product Engineering. It was clearly a contract action.

On September 26, 1968, Product Engineering filed the instant action in the United States District Court for the District of Colorado seeking a declaratory judgment under 28 U.S.C. § 2201, and asserting jurisdiction under 28 U.S.C. § 1338(a). This suit was filed, and service had, prior to service of summons on Product Engineering in the State court action. Product Engineering alleges in this action that a patent had issued to Barnes and that Barnes asserts that the beet topping machine manufactured by Product Engineering is an infringement of the patent. No reference is made in the complaint to the agreement relating to this patent. Product Engineering denies the infringement and asserts that the patent is invalid.

On December 3, 1968, the State court stayed its proceedings pending a final determination or disposition in the federal court. The State court found that service of process was perfected first in the federal district court so that the federal court had jurisdiction over the subject matter and the parties prior to the State court "having jurisdiction over the parties * * *."

On May 15, 1969, the federal court granted Barnes' motion to dismiss Product Engineering's suit for declaratory judgment on the grounds that the action was purely a contract action which properly should be litigated in the State court, that the State action was filed first, and that there is no danger of the statute of limitations running if the action turns out to be a patent infringement suit. Product Engineering has taken this appeal from this dismissal.

A review of the pleadings filed in both the State and federal

courts convinces us that the matters asserted by Product Engineering in the federal declaratory judgment action are no more than what would be a defense to the State court contract action. The trial court reached the same conclusion. Contract actions based on patent license agreements may be brought and maintained in a State court. Becher v. Contoure Laboratories, 279 U.S. 388, 49 S. Ct. 356, 73 L.Ed. 752. The rule adopted by the United States Supreme Court in Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291, although laid down in a public law case, is dispositive of this case. The Court there referred to the Declaratory Judgment Act which created the remedy and stated that pursuant to it a court "may declare the rights" of the parties and thus no absolute right was given to the litigant but instead discretion was vested in the courts. We quote at some length from Wycoff as follows for the reason that the Court there specifically considered the attempted assertion of a defense by a declaratory judgment action:

" * * * Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law."

From Wycoff it is also apparent that discretion must be exercised by the trial court with a view to the complete solution of the differences between the litigants. Invengineering, Inc. v. Foregger Co., 293 F.2d 201 (3d Cir.).

After Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610, there would seem to be no doubt about the right of a licensee to raise the issue of the validity and noninfringement of a patent as a defense in a State action to enforce payment of royalties. The cited case did not depend upon whether or not the royalty agreement was still in effect as appellant urges. See also Bendix Corp. v. Balax, Inc., 421 F.2d 809 (7th Cir.).

■ As to the independent issue of the commencement of the two suits, the fact that service of process was obtained first in the federal action does not operate to deprive the State court of jurisdiction. Rule 3 of the Colorado Rules of Civil Procedure provides that a civil action is commenced either by filing a complaint or by service of summons. Rule 3(b) expressly provides that: "The court shall have jurisdiction from the time of filing the complaint or service of the summons." We find no Colorado cases construing the application of this rule to our problem. The Colorado Rules were patterned after the Federal Rules of Civil Procedure, and the federal cases are thus helpful in construing them as to the effect of filing. The Sixth Circuit, in Barber-Greene Co. v. Blaw-Knox Co., 239 F.2d 774 (6th Cir.), has held that the action which is *filed* first takes precedence over a later filed action, even though service of process was effected first in the later action. This is so because the jurisdiction of the court relates back to the time of the filing of the complaint. See also Nelson v. District Court, 136 Colo. 467, 320 P.2d 959, where the court refers to jurisdiction over the "action." The language of the Colorado Rule is clear and unambiguous as to the "commencement" of the

action. We need not consider the pre-filing service aspect of the Colorado Rules.

The trial court was correct in its application of Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291, and of Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L. Ed.2d 610. We find no abuse of discretion as to this aspect of the case.

The district court was also correct in determining that the Colorado State court had first acquired jurisdiction of the controversy.

Affirmed.