LA CHEMISE LACOSTE, a French corporation, Plaintiff,

v.

The ALLIGATOR COMPANY, Inc., a Delaware corporation, Defendant and Third-Party Plaintiff,

v.

JEAN PATOU, INC., Third-Party Defendant.

Civ. A. No. 3876.

United States District Court, D. Delaware.

June 4, 1970.

Thomas S. Lodge, Connolly, Bove & Lodge, Wilmington, Del., for plaintiff; W. Brown Morton, Jr., and Donal B. Tobin, McLean, Morton & Boustead, Washington, D. C., of counsel.

S. Samuel Arsht and Lewis S. Black, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendant and third-party plaintiff; Milton Ackman, Strasser, Spiegelberg, Fried & Frank, New York City, of counsel.

## OPINION

LAYTON, District Judge.

This case was removed from the Court of Chancery of the State of Delaware by the defendant under 28 U.S.C. § 1441(a). The plaintiff has moved for a remand to the State Court under 28 U.S.C. § 1447(c) for the reasons (1) that there is no federal question presented and, therefore, no jurisdiction to hear the case under § 1441(a) and (2) that the defendant is a Delaware corporation rendering § 1441 (b) applicable. After considering briefs and oral arguments of counsel, I am of the opinion that the matter should not be remanded.

La Chemise Lacoste ("Lacoste"), a French corporation not doing business in Delaware, brought suit against The Alligator Corporation ("Alligator") in the Court of Chancery seeking a declaration that Lacoste owned the common law trademark rights to a reptile figure placed on bottles of toiletry, and an injunction against Alligator from interfering with Lacoste's use of this symbol on toiletries anywhere in the United States. Alligator, a Delaware corporation, has been engaged in the manufacture of raincoats in the United States since around 1909. In its manufacture of raincoats, Alligator adopted the use of a reptile figure which became associated with the Alligator company. Its ownership of the common law trademark rights to this figure was established and it was registered as a federal trademark under the Lanham Act, 15 U.S.C. § 1051 et seq. Lacoste, operating in France, also established as its trademark a reptile figure which was the symbol of its owner, a one-time Davis Cup tennis player of international reputation. Lacoste acquired the French registration of this figure. In the 1950's, Lacoste at-tempted to import shirts with the reptile figure on them and became involved in a trademark litigation in the federal courts in New York. This ended in a consent order by which David Crystal was permitted to market the Lacoste wearing apparel in the United States with the approval of Alligator.

The present litigation concerns the use of the reptile figure, claimed to be the trademark of both parties, on toiletries manufactured in France and distributed in the United States by Jean Patou. Lacoste has licensed Patou to use the reptile figure in this connection. It has also attempted to register the reptile figure as its trademark with the United States Patent Office on the strength of the French registration. Alligator resisted this application and advised Lacoste that it would sue Patou for any distribution of the toiletries in the United States under the symbol of the reptile. Lacoste's response to this was to seek in the Delaware Court of Chancery a declaratory judgment that it owned the common law trademark for the reptile figure in connection with toiletries and an injunction against Alligator from interfering with the sales of Jean Patou. The Patent Office has suspended its hearings, on a motion by Lacoste, pending the outcome of this suit.

Lacoste's position here has been that there is no federal question presented and, therefore, the suit should be remanded to the Chancery Court. They argue they have no federal rights with regards to the reptile symbol and seek a determination only of common law rights. They contend that Patou has acquired these common law rights to the reptile symbol in connection with toiletries by its sales in the United States. Further, Alligator's federal trademark does not extend to reptile figures on toiletries because Alligator, a manufacturer of raincoats, has never marketed perfume of any kind. Finally, they urge that there was a substantial reason to have its common law rights determined in the State Court; namely, that Patou, the distributor, could not be

sued in Delaware and it was one of the deliberate objectives of Lacoste to bring suit where the distributor would not be involved.

The argument of the defendants in support of the Court's removal jurisdiction and against remand rests on two prongs. First, they argue that federal question jurisdiction exists for this suit because Lacoste could have brought its declaratory judgment action in a federal court initially. In a declaratory judgment action to determine whether a federal question is present one must look at the underlying coercive action which is sought to be avoided. Here, Lacoste is seeking to avoid a threatened trademark infringement action and, thus, a federal question is necessarily present. Second, the defendants point to the statement made by Lacoste to the Patent Office requesting a stay on the registration proceedings for the trademark of the reptile symbol in connection with perfume. There Lacoste stated:

"It is submitted that an examination of this Complaint [Chancery complaint] by this Board will confirm that a determination of the factual and common law issues raised in the Complaint will determine or substantially affect the determination of the factual and statutory issues before this Board in these combined oppositions, and that the outcome of said Civil Action would therefore likely be determinative of, or have a direct and material bearing upon, any decision reached by the Board in these combined oppositions."

This, they say, shows Lacoste itself admits a federal question is present.

The statute providing for removal, 28 U.S.C. § 1441, states in relevant part:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of *which the district courts * * * have original jurisdiction,* may be re-

moved by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. (Emphasis added.)

Therefore, the question controlling removal here is whether this is a case under the original jurisdiction of the District Court;* in short, does the State Court suit arise under federal law?

■ To determine whether a declaratory judgment action raises a federal question, the Court must look to the cause of action which the declaratory defendant threatens to assert; if the threatened action involves a claim under federal law, there exists federal question jurisdiction over the declaratory judgment action. Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); e. g., Product Engineering and Manufacturing, Inc. v. Barnes, 424 F.2d 42, 165 U.S.P.Q. 229 (10th Cir. 1970); Apex Beauty Products Manufacturing Corp. v. Brown Shoe Co., 209 F.Supp. 73 (S.D.N.Y.1962). Alligator threatened Lacoste with an action for infringement of its federally registered trademark and, under 28 U.S.C. § 1338(a), the District Courts have original jurisdiction of any civil action arising under any Act of Congress relating to trademarks. Therefore, while Lacoste had an option to seek declaratory relief in a state or federal forum, it cannot deny Alligator's right to have the federal question determined by a federal court by the expedient of artful pleading.

■ Federal jurisdiction exists here for another reason. Although the normal rule requires that federal jurisdiction is established solely by the complaint, Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), in certain cases where a question of federal status is involved, the Court may look beyond the complaint to

---

* 28 U.S.C. § 1441(b) does not defeat removal because, although Alligator is a Delaware resident, this is a civil action of which the District Courts have original jurisdiction.

establish jurisdiction; e. g., Fay v. American Cystoscope Makers, 98 F.Supp. 278 (S.D.N.Y.1951); Ulichny v. General Electric, 309 F.Supp. 437 (N.D.N.Y. 1970). In order to determine that Jean Patou owned the common law trademark rights to the reptile symbol in connection with perfume, the State Court would have to determine that Alligator's federal trademark did not extend that far. Or, in the words of Judge Foley in *Ulichny,* supra, "that status of a federally registered trademark is evident and properly ascertainable here in the search for sufficient presence of a federal law basis that warranted removal." In that suit, the plaintiff sought relief in a State Court to enjoin General Electric from interfering with its use of the name "Hotpoint" in its telephone listing. There, as here, the plaintiff excluded any hint of a federal question from his State complaint by "competent tightrope walking." Nevertheless, the Court held that the real nature of the state claim must govern and not the characterization given by the plaintiff. Likewise, it is the real nature of Lacoste's State claim which must govern here, and on close analysis, it is manifest that it "really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a [federal] law, upon which the determination of which the result depends." *Gully,* supra, at 114, 57 S.Ct. at 98.

■■ The plaintiff's sole argument against removal is that removal should not be allowed in cases where the plaintiff has expressly denied any attempt to invoke federal question jurisdiction unless federal law has displaced state law in the area. This argument has been specifically rejected; Espino v. Volkswagen de Puerto Rico, Inc., 289 F.Supp. 979 (D.P.R.1968), and fails here also. As above stated, while the plaintiff has the option to seek declaratory relief in either a state or federal forum, this concurrent jurisdiction does not operate to defeat the defendant's right of removal under § 1441.

Submit order.