506 F.2d 339
 184 U.S.P.Q. 321
 LA CHEMISE LACOSTE, a French Corporation, Appellant,
v.
The ALLIGATOR COMPANY, INC., a Delaware Corporation,
Defendant and Third-Party Plaintiff,
v.
JEAN PATOU, INC., a New York Corporation,
Third-PartyDefendant-Appellant.
 No. 74-1493.
 United States Court of Appeals, Third Circuit.
 Argued Oct. 29, 1974.
Decided Dec. 26, 1974.
 
 Thomas S. Lodge, Wilmington, Del., W. Brown Morton, Jr., Donald N. Huff, Morton, Bernard, Brown, Roberts & Sutherland, Donal B. Tobin, Washington, D.C., Weingarten, Maxham & Schurgin, Boston, Mass., for appellants; Connolly, Bove & Lodge, Wilmington, Del., of counsel.
 Irving Constant, Abraham G. Levin, New York City, Rubin, Wachtel, Baum & Levin, New York City, Arthur H. Seidel, Philadelphia, Pa., Seidel, Gonda & Goldhammer, P.C., Philadelphia, Pa., Lewis S. Black, Jr., Wilmington, Del., Brian L. Bilzin, New York City, Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for appellee.
 Appeal from the United States District Court for the District of Delaware (D.C. Civil Action No. 3876).
 Before STALEY, ALDISERT and ROSENN, Circuit Judges.
 OPINION OF THE COURT
 ALDISERT, Circuit Judge.
 
 
 1
 The decisive question posed by this appeal is whether there was proper federal jurisdiction in a declaratory judgment proceeding removed from the Delaware Court of Chancery. The district court refused to remand and proceeded to an adjudication on the merits. Appellants contend here, as they did at the trial level, that because a federal question did not appear in plaintiff's complaint, the case was improperly removed. We agree with the appellants and will vacate the judgment without comment on the merits.
 
 
 2
 The genesis of this case is a contest between La Chemise Lacoste, a French corporation and the owner of a common law trademark in the emblem of a crococile, on the one side, and The Aligator Company, Inc., which has federally registered trademarks for the word mark 'Alligator' and for the design of a lizard-like reptile, on the other. Lacoste brought this action in Delaware seeking a declaration of its ownership of and right to use the crocodile emblem as a trademark for toiletries, and for an injunction against interference with those rights. In its complaint Lacoste alleged that it is 'the lawful owner of (the) crocodile emblem as a trademark for toiletries in Delaware, and elsewhere in the United States, and has the exclusive right to use, and to authorize the use of, said emblem as a trademark on toiletries without authorization or consent of any sort from defendant.' Lacoste also averred that its emblem 'has been for many years past, widely and famously associated with M. Rene Lacoste, founder and still a principal officer in the management of plaintiff, having originated during M. Lacoste's career as a Davis Cup tennis player as his personal symbol, and having become the commercial property of plaintiff as a trademark identifying its products in Delaware and elsewhere in the United States, in France and generally throughout the world.'
 
 
 3
 Following Judge Layton's denial of the motion to remand, Lacoste unsuccessfully attempted to have the removal question certified for review under 28 U.S.C. 1292(b). Prior litigation in this court, La Chemise Lacoste v. General Mills, Inc., 487 F.2d 312, 314 (3d Cir. 1973), did not treat the removal issue, but was limited to 'the propriety of the denial of a preliminary injunction and, incidentally at least, the propriety of the dismissal of the added parties, since most, if not all, of the alleged infringements sought to be restrained pendente lite are acts of those corporations rather than Alligator.' The earlier appeal was not from a final judgment, but from an interlocutory order reviewable under the special provisions of 28 U.S.C. 1292(a).
 
 
 4
 The within appeal emanates from a final judgment, and, in the absence of a certification under 1292(b), see Climax Chemical Co. v. C. F. Braun & Co., 370 F.2d 616, 617 (10th Cir. 1966), cert. denied, 386 U.S. 981, 87 S.Ct. 1287, 18 L.Ed.2d 231 (1967), is the first opportunity in this court for review of the order denying the petition to remand. Chicago, R.I. & Pac. R.R. v. Stude, 346 U.S. 574, 578, 74 S.Ct. 290, 98 L.Ed. 317 (1954); Wilkins v. American Export-Isbrandtsen Lines, Inc., 401 F.2d 151 (2d) Cir. 1968); C. Wright, Law of Federal Courts 41, at 147 (2d ed. 1970). Accordingly, we reject appellee's contention that appellants, by waiting until appeal from final judgment, have waived the right to challenge the denial of the motion to remand.[1]
 
 
 5
 Turning to a resolution of the removal question, we quickly note that Alligator does not contend that Lacoste relied on relief under a federal statute in the state declaratory proceeding. Indeed Alligator's argument follows a very narrow compass. It contends: Lacoste desired state declaratory relief vecause Alligator had threatened coercive action against Lacoste for using the trademark on toiletries; since this proposed coercive action was federal in nature, Lacoste in fact had filed an action 'aris(ing) under the Constitution, laws, or treaties of the United States,' 28 U.S.C. 1331. Consequently, the case satisfied the requirement announced in Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936)-- that the 'right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. Starin v. New York, 115 U.S. 248, 257 (6 S.Ct. 28, 29 L.Ed. 388); First National Bank v. Williams, 252 U.S. 504, 512, (40 S.Ct. 372, 374, 64 L.Ed. 690)'-- and qualified for removal under 28 U.S.C. 1441(b).
 
 
 6
 Our analysis begins with an examination of paragraph 10 of Lacoste's complaint:
 
 
 7
 Defendant has herertofore wrongfully threatened, and continues to threaten, to interfere with plaintiff's said sale of toiletries identified by said crocodile emblem in Delaware, and welsewhere in the United States, by threatening to bring suit against plaintiff and against one or more of the enterprises constituting said authorized channels of distribution of toiletries to enjoin or curtail said sales.
 
 
 8
 In its petition for removal Alligator contended:
 
 
 9
 The reference in paragraph 10 of the complaint to a suit which Petitioner threatened and intended to bring against plaintiff, is to a contemplated action in the United States District Court under the Lanham Act, (15 U.S.C. 1051 et seq.), for protection of Petitioner's rights under the aforesaid United States Trademark Registrations.
 
 
 10
 Alligator asserted, and the district court agreed, that had Alligator sued Lacoste for infringement under the Lanham Act, the district court could have had jurisdiction under 28 U.S.C. 1338. Therefore, Alligator argues that the state action raised a substantial federal question permitting removal.
 
 
 11
 In denying the motion to remand, the district court reasoned:
 
 
 12
 To determine whether a declaratory judgment action raises a federal question, the Court must look to the cause of action which the declaratory defendant threatens to assert; if the threatened action involves a claim under federal law, there exists federal question jurisdiction over the declaratory judgment action. Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); e.g., Product Engineering and Manufacturing, Inc. v. Barnes, 424 F.2d 42, 165 U.S.P.Q. 229 (10th Cir. 1970); Apex Beauty Products Manufacturing Corp. v. Brown Shoe Co., 209 F.Supp. 73 (S.D.N.Y.1962). Alligator threatened Lacoste with an action for infringement of its federally registered trademark and, under 28 U.S.C. 1338(a), the District Courts have original jurisdiction of any civil action arising under any Act of Congress relating to trademarks. Therefore, while Lacoste had an option to seek declaratory relief in a state or federal forum, it cannot deny Alligator's right to have the federal question determined by a federal court by the expedient of artful pleading.
 
 
 13
 Federal jurisdiction exists here for another reason. Although the normal rule requires that federal jurisdiction is established solely by the complaint, Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), in certain cases where a question of federal status is involved, the Court may look beyond the complaint to establish jurisdiction; e.g., Fay v. American Cystoscope Makers, 98 F.Supp. 278 (S.D.N.Y.1951); Ulichny v. General Electric, 309 F.Supp. 437 (N.D.N.Y.1970).
 
 
 14
 La Chemise Lacoste v. Alligator Co., 313 F.Supp. 915, 917-918 (D.Del.1970). We do not accept either part of this analysis.
 
 
 15
 First, any evaluation of the dictum in Public Service Commission v. Wycoff, 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952), must proceed from the threshold understanding that the declaratory judgment proceeding there was federal; it was not a state declaratory proceeding removed to a district court.[2] Thus the precise Wycoff dictum refers to an action originating in the federal court: 'Where the complaint in an action for (federal) declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court.' Ibid. at 248, 73 S.Ct. at 242.[3]
 
 
 16
 Although we applied the Wycoff teaching to a federal declaratory judgment act proceeding, Thiokol Chemical Corp. v. Burlington Industries, Inc., 448 F.2d 1328, 1330-1331 (3d Cir. 1971), cert. denied, 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1972), we have not been directed to, nor has our research disclosed, the application of the Wycoff principle to any removal case[4] except that of the district court here.
 
 
 17
 Given the factual complex of this case, this is not a distinction without a difference, for, unlike the typical Wycoff situation, in the instant case we are constrained both by principles for determining federal question jurisdiction and by those governing removal procedure.
 
 
 18
 In an unwavering series of cases from 1894 to 1974 the Supreme Court has emphasized that federal question jurisdiction must appear on the face of the complaint. If it does not appear there, 'no statement in the petition for removal, . . . of the defendant corporation, can supply that want, under the (then) existing act of congress.' Tennessee v. Union & Planters' Bank, 152 U.S. 454, 464, 14 S.Ct. 654, 657, 38 L.Ed. 511 (1894); 'The controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal,' Gully v. First National Bank, supra, 299 U.S. at 113, 57 S.Ct. at 98. This year the Court reiterated: 'the federal questions 'must be disclosed upon the face of the complaint, unaided by the answer", Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-128, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974) (per curiam).
 
 
 19
 There is also formidable Supreme Court instruction that the removal procedure, statutory in nature, reflects a congressional policy of severe abridgement of the right to remove a state action to a federal court.
 
 
 20
 The basic removal statute, 28 U.S.C. 1441, provides:
 
 
 21
 (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
 
 
 22
 The removal procedure makes it clear that the initial pleading in the state court must set forth the basis for removal:
 
 
 23
 The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. 1446(b).
 
 
 24
 In adjuring 'strict construction' of removal statutes, the Supreme Court cautions:
 
 
 25
 Not only does the language of the Act of 1887 (a precursor to 1441) evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined.' Healy v. Ratta, 292 U.S. 263, 270 (54 S.Ct. 700, 703, 78 L.Ed. 1248); see Kline v. Burke Construction Co., 260 U.S. 226, 233, 234 (43 S.Ct. 79, 82, 67 L.Ed. 226, 24 A.L.R. 1077); Matthews v. Rodgers, 284 U.S. 521, 525 (52 S.Ct. 217, 219, 76 L.Ed. 447); cf. Elgin v. Marshall, 106 U.S. 578 (1 S.Ct. 484, 27 L.Ed. 249.)
 
 
 26
 Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The current statute has been given a similar construction. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 10, 71 S.Ct. 534, 538, 95 L.Ed. 702 (1951), teaches: 'The Congress, in the revision (1441), carried out its purpose to abridge the right of removal.' Although addressing itself to a separate and independent cause of action, the Court emphasized 'the restrictive policy of Congress against removal,' and 'its purpose of limiting' removal, and commanded, 'by interpretation we should not defeat that purpose.' Ibid. at 12, 71 S.Ct. at 539.
 
 
 27
 Guided by these strong Supreme Court pronouncements, we decline to transport the dictum of Wycoff to the state declaratory action context.
 
 
 28
 In its alternative holding, however, the court below would disregard these clear pronouncements and suggest an exception influenced by district court decisions in Fay v. Cystoscope Makers, Inc., 98 F.Supp. 278 (S.D.N.Y.1951), and Ulichny v. General Electric Co., 309 F.Supp. 437 (N.D.N.Y.1970). Some courts have carved exceptions to the basic rule where the addition of a party's status alone suffices to make out a federal question or where the plaintiff has concealed the federal nature of his action. The reinforcement of the Tennessee-Gully principle in the 1974 Phillips Petroleum decision persuades us that the inferior federal courts should not attempt to engraft exceptions contrary to the legislative policy so zealously protected by the Supreme Court.
 
 
 29
 Assuming the propriety of the status exceptions recognized in Fay, supra,[5] none is applicable to the instant case. But appellee argues on the basis of Ulichny, supra, that defendant's status as an owner of federally registered trademarks is one which the court may ascertain independently of the complaint, to arrive at the conclusion that the Lacoste complaint raised a federal question. We reject this argument and the rationale of Ulichny. The brute fact is that defendant's status as a federal trademark owner is a matter for defense, and, under the Tennessee-Gully principle, one wholly inappropriate to the federal question determination. See, e.g., Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 673-674, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).
 
 
 30
 Appellee next contends this case fits within that line of cases which permits removal where 'the plaintiff inadvertently, mistakenly or fraudulently conceals the federal question that would necessarily have appeared if the complaint had been well pleaded.' 1A J. Moore, Federal Practice P0.160, at 187 (2d ed. 1974) & cases cited. Alligator concedes Lacoste's complaint by its terms was bottomed on a declaration for relief under Delaware law. It argues, however, that the reference in paragraph 10 of the complaint-- that Alligator was 'threatening to bring suit against plaintiff'-- was intentionally vague and purposefully omitted reference to Alligator's trademarks. Therefore, appellee continues, Lacoste concealed the federal nature of the action. We reject this contention.
 
 
 31
 Alligator arrives at its conclusion by the application of the federal declaratory judgment act test of Wycoff to a state declaratory action. Even were we inclined to apply the Wycoff test to a removal proceeding, this approach would not be sufficient to remove this particular state court plaintiff to a federal court. Paragraph 10 of Lacoste's complaint does not specifically assert that Alligator will bring an action based on its federal rights. The complaint merely avers that the defendant is 'threatening to bring suit against plaintiff.' Nor is it clear, as a matter of practical wisdom[6] or of the record in this case,[7] that Alligator's threatened suit would rely on its federal trademarks. Alligator could have brought one of three types of action against Lacoste: a state common law trademark infringement suit, an unfair competition suit under state law, or an infringement suit based on its federally registered trademarks.
 
 
 32
 Appellee's final line of defense is that although jurisdiction under the Lanham Act is concurrent, 28 U.S.C. 1338(a), the law to be applied is exclusively federal; i.e., that federal law preempts the field. Consequently, removal is proper. We reject this argument. It presupposes the plaintiff sought relief under the Lanham Act, which clearly was not the case here. Furthermore, the Lanham Act generally does not preempt state regulation of trademarks, statutory or common law. Gardner v. Clark Oil Refining Corp., 383 F.Supp. 151 (E.D.Wis.1974); Fischer v. Holiday Inn of Rhinelander, Inc., 375 F.Supp. 1351, 1353 (W.D.Wis.1973); Application of State of New York, 362 F.Supp. 922, 927-928 (S.D.N.Y.1973); M&D Simon Co. v. R. H. Macy & Co., 152 F.Supp. 212, 215 (S.D.N.Y.1957). But cf., Mister Donut of America, Inc. v. Mr. Donut, Inc., 418 F.2d 838, 844 (9th Cir. 1969). Thus, the underlying rationale for Fay, supra,-- that section 301 of the National Labor Relations Act, 29 U.S.C. 185, is preemptive, 98 F.Supp. at 280-281-- is inapplicable, even by analogy, to trademark cases.
 
 
 33
 Moreover, in the absence of a preemptive trademark statute, the acute impropriety of relying on the mere probability that the threatened coercive action would be filed in federal court becomes more manifest. A court cannot conclude as a matter of law that the trademark or infringement coercive action, described in a state declaratory judgment complaint, would necessarily be lodged in a federal forum. In dealing with the precise issues of this case, in Professor Moore's felicitous phrase, the litigant 'is free to ignore the federal question and pitch his claim on the state ground.'[8]
 
 
 34
 Thus, considering the Supreme Court's instructions that the language of the removal statute 'evidence(s) the Congressional purpose to restrict the jurisdiction of the federal courts on removal,' and that 'the policy of the successive acts of Congress' commands 'strict construction of such legislation;' and assuming arguendo the applicability of Wycoff to a state declaratory action, we will not find an implied averment of a threatened federal action where federal relief was only one of three available avenues of litigation. The 'character of the threatened action' was not necessarily federal in nature.[9]
 
 
 35
 We find no averment of federal question jurisdiction in the complaint.[10] Nor does this case fall within one of the accepted exceptions to the fundamental Tennessee-Gully rule. The petition for remand to the state court should have been granted.
 
 
 36
 The judgment of the district court will be vacated and the proceedings remanded with a direction to remand to the Delaware Chancery Court for New Castle County.
 
 
 
 [1]
 Our analysis in this respect is not inconsistent with Grubbs v. General Elec. Credit Corp., 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972). In the instant case, the trial on the merits did not follow 'removal . . . without objection.' Rather, plaintiff did all it could have done by way of seeking review of the denial of its motion to remand
 
 
 [2]
 Similarly, Product Eng'r & Mfg., Inc. v. Barnes, 424 F.2d 42 (10th Cir. 1970), and Apex Prod. Mfg. Corp. v. Brown Shoe Co., 209 F.Supp. 73 (S.D.N.Y.1962), originated as federal declaratory judgment actions
 It may also be noted that Wycoff and Product Engineering resulted in findings of no federal jurisdiction.
 
 
 [3]
 We note in passing that the Wycoff dictum is not adverse to, but rather consistent with, the basic Gully rule. Both are jurisdiction limiting. Gully and its progeny teach that a district court may not look to the federal defense averred in an answer to establish subject matter jurisdiction. The Wycoff principle applicable in federal declaratory actions is that one must look to the character of the threatened coercive action-- not to the allegation in the complaint which is more akin to a federal defense-- in determining whether there is a substantial federal question. Viewed in this proper perspective, the Wycoff principle is merely the federal question corollary of the axiom that the "operation of the (federal) Declaratory judgment Act is procedural only.' Aetna Life Ins. Co. (of Hartford, Conn.) v. Haworth, 300 U.S. 227, 240, (57 S.Ct. 461, 463, 81 L.Ed. 617, 108 A.L.R. 1000.) ((1937)). Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.' Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950)
 
 
 [4]
 Such a holding would be anomalous. A premise of the Wycoff teaching is that 'in many actions for declaratory judgment, the realistic position of the parties is reversed.' 344 U.S. at 248, 73 S.Ct. at 242. The defendant is viewed as the 'functional plaintiff.' See Developments in the Law-- Declaratory Judgments-- 1941-1949, 62 Harv.L.Rev. 787, 802-803 (1949). Yet it is axiomatic that a plaintiff may not remove an action to federal court. See, e.g., Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). To allow a defendant in a state declaratory action to remove, therefore, would accord to 'functional plaintiffs' a right not given other plaintiffs
 
 
 [5]
 'However, where federal jurisdiction hinges on the parties', or one of them, having a particular status, the court may ascertain the existence of that status independently of the complaint. This latter rule has been applied to permit the court to ascertain the existence of diversity of citizenship, . . . and the federal nature of a receiver, . . . a corporation, . . . and a marshal.' 98 F.Supp. at 280
 
 
 [6]
 Cf., e.g., J. H. Smith Co. v. Jordan Marsh Co., 161 F.Supp. 659, 660 (D.Mass.1958)
 
 
 [7]
 At oral argument, appellee contended that a letter of September 15, 1969, from Alligator counsel to Lacoste counsel, manifested Alligator's intention to rely on its federal trademark rights. That letter, an exhibit to a deposition, was not conclusive as to the nature of a threatened suit and, more importantly, was not admitted into evidence below nor available in the district court until almost three years after Judge Layton's decision on the motion to remand
 
 
 [8]
 1A J. moore, Federal Practice P0.160, at 185 (2d ed. 1974)
 
 
 [9]
 Ample experience indicates that, where a state trademark or infringement action is sought to be removed to federal court on the theory that the action could have been predicated on the Lanham Act, federal courts have been unwilling to find a federal question by implication and have remanded to state courts. Fischer v. Holiday Inn of Rhinelander, Inc., 375 F.Supp. 1351, 1354 (W.D.Wis.1973); Cue Publ. Co. v. Colgate-Palmolive Co., 233 F.Supp. 443 (S.D.N.Y.1964); Fluidless Non-Tact Lenses, Inc. v. Klear Vision Contact Lens Specialists, Inc., 158 F.Supp. 145, 146 (S.D.N.Y.1958); M&D Simon Co. v. R. H. Macy & Co., 152 F.Supp. 212, 216 (S.D.N.Y.1957)
 
 
 [10]
 A proposed amendment to the removal statute, the Federal Court Jurisdiction Act of 1971, S. 1876, 92nd Cong., 1st Sess., incorporating the suggestions of the American Law Institute, would change the result we reach. Section 1312 would provide:
 (a) Except as otherwise provided by Act of Congress, a civil action brought in a State court may be removed to the district court of the United States for the district embracing the place where such action is pending:
 (2) If the amount in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, by any defendant, or any plaintiff, by or against whom, subsequent to the initial pleading, a substantial defense arising under the Constitution, laws, or treaties of the United States is properly asserted that, if sustained, would be dispositive of the action or of all counterclaims therein.
 Ali, Study of the Division of Jurisdiction Between State and Federal Courts 1312, at 25 (1969).
 In introducing the bill, Senator Burdick stated, inter alia: 'The most important change required by this rationale is to permit removal on the basis of a Federal defense or counterclaim. The need for a Federal forum is as great for the defendant who relies on Federal law to defeat a State-created claim as it is for the plaintiff whose claim is derived from Federal law.' 117 Cong.Rec. 15089 (1971).