**Rolf LARSEN, Plaintiff,**

v.

**Marshall WADDELL and M. Waddell and Towne, Inc., Defendants.**

Civ. A. No. 81–02.

United States District Court,
W. D. Pennsylvania.

July 7, 1981.

---

S. Michael Streib, Pittsburgh, Pa., for plaintiff.

William H. Hauser, Anderson, Moreland & Bush, Wendell G. Freeland, Richard F. Kronz, Pittsburgh, Pa., for defendants.

## MEMORANDUM ORDER

COHILL, District Judge.

This case was commenced in the Court of Common Pleas of Allegheny County, Pennsylvania. Plaintiff, Rolf Larsen, seeks to recover damages from defendants, Marshall Waddell, an investment advisor, and M. Waddell and Towne, Inc., a securities dealer, for alleged misrepresentations concerning certain stock sold to the plaintiff. The complaint contains four counts.

Pursuant to 28 U.S.C. § 1441(b) (1976), defendant, M. Waddell and Towne, Inc., filed a timely Petition for Removal to this court on the grounds that the complaint rests in part on laws of the United States. The other defendant, Marshall Waddell, consented to the removal; plaintiff opposes it.

We will deny the Petition for Removal without prejudice and remand the case to the Court of Common Pleas.

The stated basis for removal is set forth in Paragraph 2 of the petition, which states in part:

> [T]his is a civil action, which arises in part, from an alleged violation of the United States Securities Acts as set out in the captions to Counts I, II and IV of the Complaint which states, "In trespass for violations of the Securities Acts..." and, in addition, Paragraph 6 avers, among other things, that both Defendants had a duty to abide by the United States Securities Exchange Acts and the Rules and Regulations of the Board of Governors of the Federal Reserve System which language creates a federal question giving rise to federal jurisdiction. Furthermore, Paragraphs 7 and 18 allege Defendant Marshall Waddell had access to insider information which he used to induce Plaintiff to purchase shares of McCormick & Co., Inc. Such conduct if actionable in any respect would be based upon alleged violation of federal securities acts.

The complaint does not set forth what violations and what specific sections of the United States Securities Acts, Rules or Regulations the plaintiff is referring to. Indeed, the defendant's brief devotes much space to speculating about what United States laws or regulations the plaintiff might be alleging that the defendants violated. Plaintiff, on the other hand, asserts in his brief:

> C. The case must be remanded to the Court of Common Pleas of Allegheny County, Pennsylvania, because plaintiff is not, *nor does he presently intend to*, proceed upon claims arising under the Federal Securities Acts, and the matters complained of in the complaint are cognizable by the Courts of Common Pleas of the Commonwealth of Pennsylvania under the Common Law of Pennsylvania and the Pennsylvania Securities Acts. (Emphasis supplied.)

A reading of the Complaint does not help us very much. Paragraph 2 of the Petition for Removal, quoted above, accurately sets forth the complaint's only specific refer-

ences to United States Securities Acts or rules and regulations of the United States.

The trend of federal court decisions toward removal jurisdiction has been to restrict and limit it. Wright, Miller & Cooper, 14 *Federal Practice and Procedure* § 3721, at 533–34 (1976). *See, e. g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *La Chemise Lacoste v. Alligator Co., Inc.,* 506 F.2d 339 (3d Cir. 1974), *cert. denied,* 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975).

In the *La Chemise Lacoste* case, Judge Aldisert emphasized that the federal question must appear on the face of the complaint, unaided by the answer or the petition for removal.

In this case, the complaint is ambiguous. We realize that a plaintiff's failure to make specific reference in the complaint to a source of federal law that clearly is applicable will not prevent removal. Wright, Miller & Cooper, 14 *Federal Practice and Procedure* § 3722, at 569–70 (1976). We also realize that if there is a choice between federal and state remedies, the federal courts will not ignore the plaintiff's choice of state law as the basis for the action. *Id.* at 569.

The plaintiff should not be permitted to evade the intent of 28 U.S.C. § 1441(b) by artful or ambiguous pleading. On the other hand it would be inexpedient, if not downright unfair, to have a party possibly win a final judgment in this court and have it determined on appeal that we lacked jurisdiction on removal, as happened in the *Shamrock Oil* and *LaChemise Lacoste* cases, *supra.*

We believe that the ends of justice will best be served in this case by denying the Petition for Removal without prejudice to either defendant to file it again, should it become apparent that the plaintiff is relying on sections of United States securities legislation or regulations over which this court has removal jurisdiction. It is provided in 28 U.S.C. § 1446(b) (1976) that

[i]f the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Should it be ascertained in this case that, contrary to the statement in his brief, plaintiff intends to proceed upon claims over which this court has removal jurisdiction, either defendant may then file a petition for removal.

Plaintiff has raised certain other objections to the Petition for Removal, but in view of our reasoning above, it is unnecessary to address those other arguments.

AND NOW, to-wit, this 7th day of July, 1981, it is ORDERED, ADJUDGED and DECREED that the Petition for Removal filed by defendant, M. Waddell and Towne, Inc., be and the same hereby is denied without prejudice to either defendant to refile such a petition, if it should be subsequently ascertained that the case has become subject to removal pursuant to 28 U.S.C. § 1441 and consistent with 28 U.S.C. § 1446(b), and this case is remanded to the Court of Common Pleas of Allegheny County, Pennsylvania.