**67 GOFFLE ROAD, INC., Plaintiff,**

v.

**PLAYBOY HOTEL CASINO, Defendant.**

**Civ. No. 81-2409.**

United States District Court,
D. New Jersey.

Oct. 26, 1981.

---

Stephen L. Baker, Millburn, N. J., for plaintiff.

Connell, Foley & Geiser, by Richard D. Catenacci, Newark, N. J., for defendant; Darby & Darby, Maxim L. Waldbaum, New York City, of counsel.

## OPINION

BIUNNO, District Judge.

Plaintiff owns and operates a restaurant, at the address of its corporate name, in Hawthorne (Passaic County), N. J., under the name THE GOLDEN STEER. It has been in existence for some 10 years, and has enjoyed a reputation and patronage throughout all of northern New Jersey and the metropolitan New York area. The defendant has recently opened and operated a restaurant at its new casino in Atlantic City, also with the name THE GOLDEN STEER.

Plaintiff claims that by its conduct, defendant is acting in such a manner as to confuse the public and to trade on the reputation and good will of plaintiff, which has been and will continue to be damaged in its name and reputation.

The relief sought is a permanent injunction forbidding use of the name, and requiring defendant to remove all signs and cease all advertising tending to confuse the public that defendant is affiliated with plaintiff.

This is the substance of a complaint filed by plaintiff in the Superior Court of New Jersey. Within the time specified by 28 U.S.C. § 1446(b), defendant filed a verified petition for removal with this court under 28 U.S.C. § 1441(a) and (b), asserting the availability of original jurisdiction under 28 U.S.C. § 1338(a), on the theory that the allegations of the complaint asserted a cause of action under the Lanham Act, 15 U.S.C. § 1125(a). There is no diversity jurisdiction.

The papers came to the court's attention and on review, acting on its own initiative, it remanded the case to Superior Court on the authority of 28 U.S.C. § 1447(c), which provides that:

"If at any time before final judgment it appears that the case was improvidently removed and without jurisdiction, the court shall remand the case . . ."

This statutory provision, like that in Rule 12(h)(3), F.R.Civ.P., contemplates disposition by the court on its own initiative without the formality, expense and delay of the usual motion practice.

Defendant sought reconsideration, and argument was heard, supplemented with a brief and post-argument memo. It relies primarily on two decisions: *Beech-Nut, Inc. v. Warner-Lambert Co.*, 480 F.2d 801 (CA 2, 1973), and *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960 (CA 2, 1981).

*Beech-Nut* was a removed case in which defendant moved for remand, but seems not to have pressed the motion and the issue was regarded as abandoned. The point was noted on appeal and passed without decision, noting that the case was one that

"could have been" brought under the Lanham Act. The trial was on the merits, as was the ruling on appeal.

*Vitarroz* also was a removed case tried to judgment and appealed. There was no motion to remand. On appeal, the Court of Appeals considered the propriety of the removal, due to its effect on subject-matter jurisdiction, even though not questioned by the parties. It noted that the complaint alleged facts showing trademark infringement which could be a claim under either New York law or the Lanham Act, and that the party making a claim is master to decide whether he will rely on State law or federal law. It also noted that the statutory removal jurisdiction requires the existence of the federal question to appear on the face of the complaint.

Although it recognized that had plaintiff resisted removal by a prompt motion to remand, federal jurisdiction would probably have been defeated, the court thought that by not contesting jurisdiction at an early stage plaintiff indicated its willingness to see the case treated as a claim under federal law.

In this Circuit, the rule is more specific and emphatic. In *La Chemise Lacoste v. The Alligator Company*, 506 F.2d 339 (CA 3, 1974), the court vacated a judgment on the merits after trial on the ground that the case had been improvidently removed and without jurisdiction.

The complaint there had been filed in a Delaware court, after defendant had threatened suit over the use of similar crocodile or lizard-like emblems. Plaintiff did not wait for suit but filed a complaint for declaratory judgment claiming its ownership of and right to use the crocodile emblem as a trademark for toiletries and for an injunction against interference. Nothing in the complaint, as here, made reference to federal law.

Judge Aldisert's opinion emphasizes the "unwavering series of cases" in the Supreme Court requiring that federal question jurisdiction must appear on the face of the complaint and cannot be supplied by the petition for removal, as well as the "formid-able Supreme Court instruction" that the statutory removal procedure reflects a Congressional policy of severe abridgement of the right to remove state court actions. He refers to Professor Moore's comment as a "felicitous phrase", namely that a litigant "is free to ignore the federal question and pitch his claim on the state ground."

■ The complaint here states a classic claim for unfair competition under state law, grounded on the use of an identical name for a restaurant tending to confuse the public. It is of the same kind as has long been filed in the New Jersey courts. See *Eureka Fire Hose Co. v. Eureka Rubber Mfg. Co.*, 69 N.J.Eq. 159, 60 A. 561 (Ch. 1905); *Chas. S. Merton & Co. v. Percy Merton, Inc.*, 103 N.J.Eq. 380, 143 A. 515 (Ch. 1928); *Hilton v. Hilton*, 89 N.J.Eq. 182 (E & A 1918); *Standard Oil Cloth Co. v. Trenton Oil Cloth Co.*, 71 N.J.Eq. 555, 63 A. 846 (Ch. 1906); *National Grocery Co. v. National Stores Corp.*, 95 N.J.Eq. 588, 123 A. 740 (Ch. 1924), aff'd, 97 N.J.Eq. 360, 127 A. 925 (E & A 1924), for examples.

Playboy argues that federal law is implied by the allegation in the complaint that plaintiff's restaurant had gained a reputation not only in northern New Jersey but also in "the metropolitan New York area", and that this implies interstate commerce and hence a federal Lanham Act claim. But the allegations in *La Chemise Lacoste* were even broader, the claim being that the emblem had been long associated with M. Lacoste in his days as a Davis Cup tennis player as his personal symbol, and had come to identify plaintiff's toiletry products not only in Delaware but also "elsewhere in the United States, in France and generally throughout the world." Yet, the Court of Appeals discerned no federal claim on the face of the complaint, unaided by the petition for removal.

As was emphasized in *La Chemise Lacoste* and elsewhere, it is the plaintiff who has the choice of claiming on state law only, or on state and federal law. The defendant cannot make that choice for him by seeking to draw an inference or implication of a

federal claim in the removal petition. Now. that plaintiff's attention has been drawn to the choice he has, it may be that he will decide during the course of the suit to amend his complaint to assert a Lanham Act claim. If he does, then defendant will for the first time have an opportunity to remove. This is what is contemplated by the second paragraph of 28 U.S.C. § 1446 (b).

The court is obliged to act of its own initiative in any case where it appears that it lacks jurisdiction. It is contrary to the objects spelled out in Rule 1, F.R.Civ.P., to allow a case to go to judgment when there is no jurisdiction. Needless time, effort and expense are wasted, as was the case in *La Chemise Lacoste.* A party who believes the remand to be wrong will always be heard on application to reconsider, because the order of remand is not reviewable on appeal or otherwise under 28 U.S.C. § 1447(d); *Briscoe v. Bell,* 432 U.S. 404, 97 S.Ct. 2428, 53 L.Ed.2d 439 (1977); *Gravitt v. Southwestern Bell Telephone,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977). This rule includes review by mandamus, a course tried here, for which the writ was denied on that ground, *67 Goffle Road, Inc. v. Playboy Hotel Casino,* Appeal No. 81–2500, judgment order dated September 17, 1981.

As a consequence, the remand order will remain in force and the application to withdraw it is denied.