**LOCAL # 6, INDUSTRIAL UNION OF MARINE SHIPBUILDING WORKERS OF AMERICA, AFL–CIO and Louis Stone and Milton Dudley, Plaintiffs,**

v.

**BATH IRON WORKS CORPORATION, Defendant.**

**Civ. No. 85–0199–P.**

United States District Court,
D. Maine.

Sept. 27, 1985.

Patrick McTeague, McTeague, Higbee, Libner, Reitman, MacAdam & Case, Brunswick, Maine, for plaintiffs.

Mark L. Haley, Fitzgerald, Donovan & Conley, Bath, Maine, for defendant.

### ORDER OF REMAND

GENE CARTER, District Judge.

Plaintiff filed this action in Maine Superior Court alleging that

> Defendant has failed, refused, and neglected to pay wages including vacation pay, sick pay, pay adjustments and other special pay situations in a timely fashion to Plaintiff Union's members in accordance with Defendant's obligations under Maine law and past practice.

Complaint, ¶ 4. Paragraph 3 of the Complaint states that the action was brought under 26 M.R.S.A. § 621, *et seq.* Defendant filed a Petition for Removal, asserting that the Complaint stated an action for breach of a collective bargaining agreement between the parties, a federal cause of action under § 301 of the Labor Relations Act, 29 U.S.C. § 185. By letter of July 1, 1985, counsel was informed that the case had been removed. Also on July 1 Defendant filed a Motion to Dismiss. Plaintiff failed to object to the motion within ten days, as prescribed by Local Rule 19(c). In accordance with that rule, on July

17, 1985, therefore, the Court granted Defendant's motion. On July 18, 1985, Plaintiff filed a Motion to Remand as well as a Motion to Vacate the Order Granting Defendant's Motion to Dismiss. Those motions are now before the Court.[1]

■ The remand statute, 28 U.S.C. § 1447, provides: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." In this case, although Defendant's Motion to Dismiss has been granted, a judgment of dismissal has not been entered on the docket. It is not, therefore, too late for the Court to consider the Motion for Remand.

■ The existence of a federal question for purposes of removal or remand must be evident from the face of the complaint at the time of the petition for removal. *Gully v. First National Bank,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *La Chemise Lacoste v. Alligator Co.,* 506 F.2d 339 (3d Cir.1974). An examination of the Complaint in this case discloses no federal question. Although Plaintiff alleges that it is the collective bargaining representative of the employees of Bath Iron Works, it does not allege a collective bargaining agreement or, indeed, any agreement between the labor organization and Bath Iron Works. Section 301 of the LMRA explicitly provides relief for violation of *contracts* between an employer and a labor organization representing employees.

The Complaint does allege violation of Defendant's obligations under past practice. Defendant argues that past practice is a term of art in labor and, it appears from the portion of the treatise cited to the Court that past practice is an important factor in labor management arbitration, used to aid in the construction of labor contracts. The existence of past practice,

---

1. Counsel in this case requested oral argument but the Court deems it unnecessary to the reso-

lution of the issues raised.

however, does not of necessity imply the existence of a contract which deals with the issue of wages.

Since no contract between the parties has been alleged which would provide the basis for federal jurisdiction under section 301, the Court must remand this action to state court. The Court's granting of Defendant's Motion to Dismiss was effected when the Court was without jurisdiction and is, therefore, invalid, and it is ORDERED that the Order of Dismissal be, and it is hereby, VACATED. It is FURTHER ORDERED that this case be, and it is hereby, REMANDED to the Maine Superior Court from which it was removed.