**Ralph BORZELLO, on behalf of himself and all other persons similarly situated, Plaintiffs,**

v.

**CHARLES D. SOOY AND C. DARRELL SOOY, a corporation, et al., Defendants.**

**No. C–76–1865–CBR.**

United States District Court, N. D. California.

Feb. 24, 1977.

David J. Friedenberg, Daly City, Cal., for plaintiffs.

Charles D. Sooy and C. Darrell Sooy Law Corp., San Francisco, Cal., for defendants.

## ORDER OF REMAND

RENFREW, District Judge.

This action was originally filed in the Superior Court of California for the County of San Mateo on August 5, 1976, and was

promptly removed by defendants to this Court on September 1, 1976. In response to defendants' removal, plaintiffs submitted a motion for remand challenging the existence of federal jurisdiction. That motion was argued before the Court on January 6, 1977. Because there is no federal jurisdiction over the subject matter in the case, it must be remanded to state court.

Plaintiff Borzello brings this action on behalf of himself and a class of persons who had entered into deeds of trust with defendants San Francisco Federal Savings and Loan Association ("S.F. Federal"), as the beneficiary, and Franciscan Financial Corporation ("Franciscan"), as the trustee, to those deeds. Also added as a third defendant is the Charles D. Sooy and C. Darrell Sooy Law Corporation ("Sooy"), who acted as attorneys for the other defendants on matters involving the trust deeds. The deeds served as liens on real property and secured promissory notes executed by the members of the putative class.

The complaint alleges that plaintiffs, who had defaulted on their obligations to S.F. Federal and Franciscan and later cured the default, were billed for unreasonably excessive attorneys' fees for legal services which, purportedly, had been performed by Sooy as a result of the default. Secondly, it alleges that plaintiffs who had sold or transferred their real property security were required to pay unlawful prepayment penalties and an unreasonable reconveyance charge to defendants as a condition to the termination of the deed of trust. Claiming that the assessment of these fees constitutes a breach of contract, a breach of fiduciary duty, and a violation of various California statutes [1] governing deeds of trust and real property agreements, plaintiffs seek to recover damages in the amount of the alleged overcharges as well as punitive damages from defendants.

Despite plaintiffs' reliance on common law and state law claims in their complaint, defendants assert that federal jurisdiction

---

1. Plaintiffs claim that the following statutes have been violated:

California Civil Code § 2924c, which states in relevant part:

"Whenever all or a portion of the principal sum of any obligation secured by deed of trust or mortgage on real property hereafter executed has, prior to the maturity date fixed in such obligation, become due or been declared due by reason of default in payment of interest or of any installment of principal, or by reason of failure of trustor or mortgagor to pay, in accordance with the terms of such obligation or of such deed of trust or mortgage, taxes, assessments, premiums for insurance or advances made by beneficiary or mortgagee in accordance with the terms of such obligation or of such deed of trust or mortgage, the trustor or mortgagor or his successor in interest in the mortgaged or trust property or any part thereof, or any beneficiary under a subordinate deed of trust or any other person having a subordinate lien or encumbrance of record thereon, at any time within three months of the recording of the notice of default under such deed of trust or mortgage, if the power of sale therein is to be exercised, or, otherwise at any time prior to entry of the decree of foreclosure, may pay to the beneficiary or the mortgagee or their successors in interest, respectively, the entire amount then due under the terms of such deed of trust or mortgage and the obligation secured thereby (including costs and expenses actually incurred in enforcing the terms of such obligation, deed of trust or mortgage, and trustee's or attorney's fees actually incurred not exceeding one hundred dollars ($100) in case of a mortgage and fifty dollars ($50) in case of a deed of trust or one-half of 1 percent of the entire unpaid principal sum secured, whichever is greater) other than such portion of principal as would not then be due had no default occurred, and thereby cure the default theretofore existing, and thereupon, all proceedings theretofore had or instituted shall be dismissed or discontinued and the obligation and deed of trust or mortgage shall be reinstated and shall be and remain in force and effect, the same as if no such acceleration had occurred. The provisions of this section shall not apply to bonds or other evidences of indebtedness authorized or permitted to be issued by the Commissioner of Corporations or made by a public utility subject to the provisions of the Public Utilities Code."

California Civil Code § 1670 which states:

"Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section."

and California Civil Code § 711 which states:

"Conditions restraining alienation, when repugnant to the interest created, are void."

exists both under 28 U.S.C. § 1331(a)[2] (federal question) and 28 U.S.C. § 1337[3] (suits involving commerce regulation). They seek to establish federal jurisdiction on two theories: First, defendants assert that although plaintiffs' complaint on its face does not raise a federal question, if examined closely, the "real nature" of their claim can be seen as involving federal laws because the doctrine of preemption applies to the field of federal savings and loan regulation (Opposition to Motion to Remand pp. 7–11). Secondly, they argue that because S.F. Federal exists as a federally chartered savings and loan association under the Home Owners' Loan Act, 12 U.S.C. § 1461 et seq., as amended, and is engaged in carrying out activities authorized by the Federal Home Loan Bank Board, this suit necessarily arises under the laws of the United States. For the reasons discussed below, neither proposition advanced by defendants is sufficient to confer jurisdiction on a federal court.

■ The rules for determining whether a controversy "arises under" federal laws, thereby creating federal question jurisdiction, are well established. First, the federal law must be an "essential" element of the plaintiffs' cause of action. Gully v. First National Bank, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Second, "the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully, supra, at 113, 57 S.Ct. at 98. Third, the federal question may not be inferred from a defense asserted or one expected to be made. Gully, supra, at 113, 57 S.Ct. 96. Fourth, the federal question raised must be a "substantial" one. Hagans v. Levine, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).

■ Not one of these four prerequisites for federal question jurisdiction has been met here. In their complaint plaintiffs only rely upon common-law principles of contract and fiduciary duty and certain California statutory provisions. As a result of such pleading, no federal law appears on the face of the complaint and, of course, no "substantial" federal question is raised. While plaintiffs could have pleaded this case challenging the validity of defendants' actions under federal law, they did not do so. Perhaps much of defendants' frustration stems from this fact. But the election to plead a state cause of action and not a federal one is entirely legitimate and does not alter the decision on removability. Pan American Petroleum Corp. v. Superior Court, 366 U.S. 656, 663, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961).

The Supreme Court recently reaffirmed the validity of these long-standing rules on removal, laid down by Justice Cardozo in Gully, in Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–128, 94 S.Ct. 1002, 39 L.Ed.2d 209 (1974). Yet, defendants contend that this Court should disregard these well-established tests and instead "look beyond the verbiage of the state court complaint to the substance of plaintiffs' claimed grievance, and * * * take judicial notice of any federal laws necessarily brought into play." Rettig v. Arlington Hgts. Fed. Sav. & Loan Ass'n, 405 F.Supp. 819, 823 (N.D.Ill.1975).

Rettig, supra, is the most recent in a line of district court cases suggesting that courts freely examine the "nature of the claim" to determine whether significant federal questions may arise in the course of a suit. This line of cases has been explicitly rejected by the Third Circuit:

"Some courts have carved exceptions to the basic rule where the addition of a party's status alone suffices to make out a federal question or where the plaintiff

2. 28 U.S.C. § 1331(a) provides:

"The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,-000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States."

3. 28 U.S.C. § 1337 provides:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

has concealed the federal nature of his action. The reinforcement of the *Tennessee-Gully* principle in the 1974 *Phillips Petroleum* decision persuades us that the inferior federal courts should not attempt to engraft exceptions contrary to the legislative policy so zealously protected by the Supreme Court." *La Chemise Lacoste v. Alligator Co., Inc.*, 506 F.2d 339, 345 (3d Cir. 1974), *cert. denied*, 421 U.S. 937, 95 S.Ct. 1666, 44 L.Ed.2d 94 (1975).

Given the continually increasing caseload of the federal courts and the pervasiveness of the federal government's involvement in our society, it is essential to construe narrowly the rules in removal cases. To avoid doing so would only further magnify the backlog which now exists in our courts. The central purpose in granting federal question jurisdiction is to provide a federal forum and interpretation in cases which will of necessity turn on the validity, construction or effect of federal laws and not in those cases which will only tangentially touch upon them. *Smith v. Grimm*, 534 F.2d 1346, 1350 (9 Cir. 1976).

Defendants' suggested approach does nothing to further this underlying rationale. The Court therefore rejects their invitation to go beyond the scope of the complaint in order to find a federal question. The only mention of federal laws comes in defendants' answer to causes of action II, III and IV where they assert the defense of federal preemption to plaintiffs' state law claims. As outlined above, neither the answer nor an anticipated defense may be the basis for federal question jurisdiction. No exception to the rule exists where the defense claimed is federal preemption. *See State of Washington v. American League of Prof. Base. Clubs*, 460 F.2d 654, 660 (9 Cir. 1972), and cases cited therein.

Nor is defendants' second claim for jurisdiction by virtue of S.F. Federal's status as a federally chartered savings and loan asso-

ciation a tenable proposition upon which to base removal. Specifically, defendants assert that because S.F. Federal exists under the Home Owners' Loan Act of 1933, 12 U.S.C. § 1461 *et seq.*, as amended, and was carrying out governmental functions pursuant to that grant of authority in dealing with plaintiffs, this suit involves a controversy arising under the laws of the United States. (Petition for Removal p. 2.) Defendants' contention is simply contrary to existing law. Federal jurisdiction does not result merely from incorporation under a federal statute. *Mamber v. Second Federal Savings*, 275 F.Supp. 170, 171 (D.Mass. 1967); *Austin v. Altman*, 332 F.2d 273, 276 (2d Cir. 1964).

To the contrary, in enacting 28 U.S.C. § 1349,[4] Congress has taken positive steps to restrict federal jurisdiction on the ground of federal incorporation to cases where the United States owns more than 51% of the capital stock. Without another independent ground for jurisdiction available to them, the mere fact that the entity was federally incorporated does not confer federal jurisdiction. *Cupo v. Community National Bank & Trust Co. of N.Y.*, 438 F.2d 108, 110 (2d Cir. 1971); *Murphy v. Colonial Federal Savings and Loan Association*, 388 F.2d 609, 612 (2d Cir. 1967).

IT IS HEREBY ORDERED that this action is remanded to the Superior Court of California for the County of San Mateo.

---

**4.** 28 U.S.C. § 1349 provides:

"The district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.