Claude BAILEY, Plaintiff,

v.

FIRST FEDERAL SAVINGS & LOAN
ASSOCIATION OF OTTAWA,
Defendant.

No. 78–1272.

United States District Court,
C. D. Illinois.

April 11, 1979.

Donald R. Bird, Watts C. Johnson, Princeton, Ill., Paul C. Cation, Peoria, Ill., for plaintiff.

Donald E. Tolva and Thomas B. Cassidy, Chicago, Ill., R. Michael Henderson, Peoria, Ill., for defendant.

## DECISION AND ORDER ON MOTIONS

### ROBERT D. MORGAN, Chief Judge.

Plaintiff originally filed this action in the Circuit Court of Bureau County, Illinois, seeking a declaration that "due-on-sale" clauses in two mortgage deeds executed by himself and the defendant Association are unconstitutional restraints on alienation and are against the public policy of the State of Illinois. He also seeks an injunction against any foreclosure actions as a result of a certain conveyance of the property subject to the mortgages.

Defendant removed the case to this court, after grant of a state court temporary restraining order prohibiting foreclosure, alleging jurisdiction under 28 U.S.C. §§ 1331 and 1337, and the injunction has remained in effect by agreement. Defendant has also moved for partial dismissal or to strike the prayer for injunctive relief in the complaint. Plaintiff moves to remand the case for want of federal subject matter jurisdiction. Both motions are before the court. The motion for remand must be considered first.

### I

The complaint alleges that plaintiff executed a promissory note to the defendant in the principal amount of $600,000, on or about September 9, 1968, for the purpose of building a motel on certain property that he owned near Interstate 80 in Bureau County, Illinois. The complaint also alleges that a second note was executed on or about June 22, 1971, in the principal amount of $500,-000, also for use in building the motel. Both notes, the complaint alleges, were secured by mortgages which included clauses allowing defendant to declare the balance on the note due immediately if plaintiff transferred the property without written consent of the defendant as mortgagee.

In May of 1975, the complaint alleges, plaintiff agreed to exchange some of the motel property, subject to the mortgage, with one Robert Meador, for other property that Meador owned. Defendant's president allegedly approved the transaction orally, but refused to release the remainder of the property subject to the mortgages and said that the defendant would reconsider the plaintiff's personal obligation and release of the property not transferred from the mortgages after two years.

From May, 1975 until November, 1978, the complaint alleges, Meador paid the monthly installments, the plaintiff serving only as a conduit, with the defendant's knowledge. However, the defendant allegedly refused the November, 1978 payment and threatened to enforce the due-on-sale clause unless plaintiff refinanced his promissory notes. In response, the plaintiff filed this action, seeking to have the due-on-sale clauses declared unenforceable and to enjoin the acceleration of payments and foreclosure.

### II

The court's first inquiry in considering the motion to remand necessarily is whether this case is one of which, under 28 U.S.C.

§ 1441(a) and (b), "the district courts of the United States have original jurisdiction." Because the scope of the jurisdictional grant under § 1441(b), upon which defendant has removed the case, is identical to that of 28 U.S.C. § 1331, it is appropriate to rely on the same principles as are used for determining the court's original jurisdiction in federal question cases. *See Crawford v. East Asiatic Co.,* 156 F.Supp. 571, 573 (N.D. Cal.1957).

Normally, the federal question must appear on the face of the complaint, *Gully v. First National Bank in Meridian,* 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), but artful pleading cannot be used to defeat a defendant's right to remove by concealing the true nature of the plaintiff's claim. The court may look beyond the "verbiage of the state complaint" and take judicial notice of federal statutes necessarily brought into play. *See, e. g., Rettig v. Arlington Heights Federal Savings and Loan Association,* 405 F.Supp. 819, 823 (N.D.Ill.1975). In this case, plaintiff's complaint seeks relief only under Illinois law, but it is clear from the complaint that the defendant is a federally-chartered savings and loan association. Complaint, paragraph 1. Numerous decisions have held that regulation of the lending practices of institutions chartered under the Home Owner's Loan Act (HOLA), 12 U.S.C. § 1461 et seq., are pre-emptively regulated by federal law. *See, e.g., Rettig, supra; Glendale Federal Savings and Loan Association v. Fox,* 459 F.Supp. 903 (C.D. Cal.1978) (extensive review of legislative history of HOLA). Under § 1464(a) of the HOLA, the Federal Home Loan Bank Board is authorized to make rules and regulations for the "organization, incorporation, examination, operation, and regulation" of federal savings and loan associations, "giving primary consideration to the best practices of local mutual thrift and home financing institutions in the United States." Defendant's power to include a due-on-sale clause in its loan instruments is within the scope of the Board's mandate to determine the "best practices" for such associations; and therefore, because federal law preempts any state regulation of the lending practices of federal savings and loan associations, plaintiff's complaint rests on federal law as expressed in the HOLA, rather than on state contract and real property law. On June 8, 1976, the regulation now codified at 12 C.F.R. § 545.6–11(f) became effective, and federal savings and loan associations were purported to be given the express power to include due-on-sale clauses in their lending instruments. The questions in this case therefore may be stated, without prejudicing either party's own assertion of them, as whether such associations had the power to include such clauses in their lending instruments before that regulation was promulgated, and whether they are enforceable in any event in federal court.

### III

Having concluded that the complaint does present a federal question under 28 U.S.C. § 1331, the next inquiry is whether the amount in controversy exceeds $10,-000, exclusive of interest and costs, under that section. In a suit seeking declaratory or injunctive relief, the value of the right sought to be protected determines the amount in controversy. *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). In this case, the value of the promissory notes substantially exceeds $10,000. Jurisdiction therefore properly lies under 28 U.S.C. § 1331, and the court need not decide whether jurisdiction also lies under 28 U.S.C. § 1337. Because jurisdiction is proper under § 1331, the case was properly removed under § 1441.

### IV

This case is to be distinguished from one in which a federal question is asserted as a defense, or by plaintiff in anticipation of a defense. Such a case is not properly removable, nor would jurisdiction lie where the case brought initially in a United States district court. *Gully, supra.* When the complaint discloses, however, as it does here, a controversy in an area in which federal law has pre-empted state law, a

federal question is necessarily implicit in the complaint. *See Avco Corp. v. Aero Lodge No. 735, International Association of Machinists and Aerospace Workers,* 263 F.Supp. 177, 179 (M.D.Tenn.1966), *aff'd* 376 F.2d 337 (6th Cir. 1967), *aff'd* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) ("all claims founded upon collective bargaining agreements in industries affecting interstate commerce arise under federal law"). Because the regulation of federal savings and loan associations is such a pre-empted area, the complaint necessarily presents a federal question, and the motion to remand must be denied.

V

■ Defendant's motion for partial dismissal, or, in the alternative, to strike the prayer for injunctive relief, seeks to remove the injunctive impediment to its enforcement of the due-on-sale clause by accelerating the due date of the loans and foreclosure of the mortgages. It seems clear that this claimed right is the heart of the lawsuit. A declaration of the law, to the contrary, would be of little value to plaintiff if enforcement thereof had been accomplished prior thereto. It would appear clear that the Temporary Restraining Order of the Circuit Court of the Nineteenth Judicial Circuit of Illinois should become the Preliminary Injunction of this court, to remain in effect pending decision on the validity of such due-on-sale clause, assuming only that defendant is adequately secured financially against damages due to possible improvident issuance of said injunction. Plaintiff's personal bond in the amount of $100,000 was approved by the state court, which is acceptable here on the basis that said bond remains in effect unless and until there is some showing that it is inadequate.

It would also appear that the issue of the legal validity of the due-on-sale clauses here is one of law which is tied directly to the injunction question. If it be declared invalid, injunction against enforcement is a foregone conclusion. If valid, no such injunction is proper and declaration of validity means dissolution of the injunction. Conse-

quently, decision on the issue of law presented by the present motion should actually dispose of the case by judgment for one side or the other, and it should not be unduly delayed. It would appear that an answer should be filed by defendant to resolve the material facts on the pleadings, and then that cross motions for summary judgment should be entertained.

Accordingly, IT IS ORDERED that the motion to remand is DENIED.

IT IS FURTHER ORDERED that decision on the motion for partial dismissal is RESERVED and defendant is directed to file its ANSWER herein within ten (10) days.