The PEOPLE OF the STATE OF CALIFORNIA By and Through the ATTORNEY GENERAL and the Secretary of the Business and Transportation Agency of the State of California, Plaintiff,

v.

GLENDALE FEDERAL SAVINGS AND LOAN ASSOCIATION et al., Defendants,

Federal Home Loan Bank Board, Intervenor.

No. 78–2296–WMB.

United States District Court, C. D. California.

June 20, 1979.

Evelle J. Younger, Atty. Gen., Joseph M. O'Heron, W. Gary Kurtz, Deputy Attys. Gen., Los Angeles, Cal., for plaintiff.

McKenna & Fitting, G. Howden Fraser, Terry O. Kelly, Los Angeles, Cal., for defendants.

## ORDER

WM. MATTHEW BYRNE, Jr., District Judge.

Plaintiffs, the People of the State of California ("the People"), acting through certain state officials, seek declaratory and injunctive relief prohibiting Glendale Federal Savings and Loan Association ("Glen-

dale Federal") and Verdugo Service Corporation from exercising purported rights under provisions in their lending instruments commonly referred to as "due-on-sale" clauses. The due-on-sale clause provides the lender an option to declare immediately due and payable all of the sums owed to the lender if all or any part of the real property securing the loan is sold or otherwise transferred by the borrower without the lender's prior consent.

The California Supreme Court has held that a state chartered savings and loan association's automatic exercise of its rights under a due-on-sale clause, where a borrower transfers an interest in property by an installment land contract, is an unreasonable restraint on alienation in violation of section 711 of the California Civil Code. *Tucker v. Lassen Savings and Loan Association*, 12 Cal.3d 629, 639, 116 Cal.Rptr. 633, 639, 526 P.2d 1169, 1175 (1974).[1] The Court held that a due-on-sale clause can be enforced "only when the beneficiary-obligee can demonstrate a threat to one of his legitimate interests sufficient to justify the restraint on alienation inherent in its enforcement." *Id.* This action presents the issue of the effect of *Tucker* on the exercisability of due-on-sale clauses by a federally chartered savings and loan association located in California.

The complaint in this action was originally filed in California Superior Court for the County of Los Angeles. The complaint alleges: (1) that automatic exercise of a due-on-sale clause violates California law; (2) that federal savings and loan associations are subject to California law; and (3) that no federal regulatory agency has ruled that federal savings and loan associations are exempt from California law.[2]

Before answering the complaint, defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(b). After removal the Bank Board moved to intervene, and no party objected to its intervention. Plaintiffs moved to remand the action pursuant to 28 U.S.C. § 1447(c). The Court granted the motion, indicating that the entire case, including the Bank Board, was being remanded.[3] On May 15, 1978, the Bank Board alleges that it received plaintiff's "Notice of Filing of Pleadings of Case Remanded From United States District Court," which included copies of the Bank Board's intervention papers. The Bank Board claims this was the first indication it had that plaintiffs intended the state court to give effect to this Court's allowance of the Bank Board's intervention. The Bank Board moved the state court for an order that it was not a party to the state court action, and the state court denied the motion. The Bank Board and Glendale Federal again removed the action to this Court, and plaintiffs moved to remand the case.

## ISSUES

■ Remand is required if "it appears that the case was removed improvidently

---

1. In *Wellenkamp v. Bank of America*, 21 Cal.3d 943, 148 Cal.Rptr. 379, 582 P.2d 970 (1978), the California Supreme Court extended the reasoning of *Tucker* to "outright sales" of the real property securing the loan.

2. Effective July 31, 1976, after the present action was filed, the Bank Board issued regulations specifically authorizing the exercise of due-on-sale clauses by federal savings and loan associations. 12 C.F.R. § 545.6–11(f) and (g). The preamble to the regulations state that they are intended to preempt any state regulation in the area. Preamble to Bank Board Resolution No. 76–296, dated April 28, 1976.

   The regulations provide, in part:

   "(f) *Due on Sale Clauses.* A Federal association continues to have the power to include, as a matter of contract between it and the borrower, a provision in its loan instruments whereby the association may, at its

option, declare immediately due and payable all of the sums secured by the association's security instrument if all or any part of the real property securing the loan is sold or transferred by the borrower without the association's prior written consent. Except as provided in paragraph (g) of this section with respect to loans made after July 31, 1976, on the security of a home occupied or to be occupied by the borrower, exercise by an association of such an acceleration option (hereafter called a due-on-sale clause) shall be governed exclusively by the terms of the contract between the association and borrower, and all rights and remedies of the *association and borrower thereto shall be* fixed and governed by said contract."

3. See Transcript of April 12, 1978 hearing.

and without jurisdiction . . . ." 28 U.S.C. § 1447(c). This Court's jurisdiction over cases removed under 28 U.S.C. § 1441 is no greater than its original jurisdiction. In deciding the motion to remand, the Court must therefore determine whether it would have had jurisdiction over this action had it originally been filed in federal court.

Defendants and intervenor assert that this Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1337, both of which require that the action "arise under" the Constitution or laws of the United States. They contend that the Home Owners Loan Act of 1933, 12 U.S.C. § 1461 *et seq.*, and the regulations promulgated thereunder, preempt state regulation of due-on-sale clauses in the lending instruments of federal savings and loan associations. They argue that because federal law exclusively governs such due-on-sale clauses, this action necessarily "arises under" federal law. Defendants and intervenor further contend that even if this action was improvidently removed originally, the intervention of the Bank Board as a defendant creates federal question jurisdiction.

Plaintiffs, on the other hand, contend that, on the face of their complaint, the action is based solely on state law. Plaintiffs argue that any claim that federal law preempts state regulation enters the case only by way of defense, and that a defense based on federal law does not create federal question jurisdiction. Plaintiffs urge, moreover, that the presence of the Bank Board as an intervening party does not give this Court jurisdiction.

The motion to remand thus presents two issues: first, whether the assertion of a defense of federal preemption by defendants and intervenor gives rise to federal question jurisdiction; and, second, whether the intervention of the Bank Board after removal creates a basis for federal jurisdiction.

DEFENSE OF FEDERAL PREEMPTION

An action "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [the laws of the United States]." *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908). The plaintiff's claim must present a federal question "'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950), quoting *Louisville & Nashville Railroad Co. v. Mottley, supra*, 29 S.Ct. at 43. The federal question must involve an "essential" element of the plaintiff's cause of action, *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936), and must be "substantial." *Hagans v. Lavine*, 415 U.S. 528, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974). The substantial federal question "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 94 S.Ct. 1002, 1004, 39 L.Ed.2d 209 (1974), *quoting Gully v. First National Bank, supra*, 57 S.Ct. at 97.

In their complaint plaintiffs rely exclusively on California law. No federal question appears on the face of the complaint. A federal question enters this case only by way of the defense of federal preemption. Just as plaintiffs could not have created federal jurisdiction by anticipating the defense of federal preemption in their complaint, *Phillips Petroleum Co. v. Texaco, Inc., supra* at 1004, defendants cannot create removal jurisdiction by raising the defense in their petition for removal or their answer. The great majority of courts that have addressed the issue have held that the tests of federal jurisdiction outlined by the Supreme Court in the cases quoted above dictate that the defense of federal preemption does not create federal jurisdiction. *Home Federal Savings and Loan Association v. Insurance Dept. of Iowa*, 571 F.2d 423 (8th Cir. 1978); *State of Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654 (9th Cir. 1972); *Borzello v. Charles D. Sooy*, 427 F.Supp. 332 (N.D. Cal.1977); *Johnson v. First Federal Savings and Loan Association of Detroit*, 418

F.Supp. 1106 (E.D.Mich.1976); *Marquette National Bank of Minneapolis v. First National Bank of Omaha*, 422 F.Supp. 1346 (D.Minn.1976).

In *Rettig v. Arlington Heights Federal Savings and Loan Association*, 405 F.Supp. 819 (N.D.Ill.1975), the district court concluded that federal preemption did create removal jurisdiction. The court reasoned that it could "look beyond the verbiage of the state court complaint to the substance of plaintiffs' claimed grievance," and, where appropriate, "take judicial notice of any federal laws necessarily brought into play." *Id.* at 823. Several other courts have adopted similar reasoning. *See, e. g., North Davis Bank v. First National Bank of Layton*, 457 F.2d 820 (10th Cir. 1972); *Ulichny v. General Electric Co.*, 309 F.Supp. 437 (N.D.N.Y.1970); *La Chemise Lacoste v. Alligator Co.*, 313 F.Supp. 915 (D.Del.1970), *rev'd* 506 F.2d 339 (3d Cir. 1974). This Court joins several others that have explicitly disapproved the *Rettig* line of reasoning. *E. g., La Chemise Lacoste v. Alligator Co., supra*, 506 F.2d 339 (3d Cir. 1974); *Borzello v. Charles D. Sooy, supra*, 427 F.Supp. 332 (N.D.Cal.1977).

The *Rettig* court relied in part on a line of cases that hold that suits for breach of a collective bargaining agreement, even where the complaint sounds exclusively in state law, arise under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. In *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 136 (1968), the Supreme Court affirmed the reasoning of that line of cases, holding that a claim under the collective bargaining agreement was "one arising under the 'laws of the United States.'" *Id.* at 1237.[4] The rationale of the *Avco* decision appears to have been that the claim alleged in the complaint was a claim that arises under federal law—that is, that the facts alleged by the plaintiff actually stated a federal

and not a state law claim. That situation is different from the situation presented by the *Rettig* case or by this case.

■ Here and in *Rettig*, the facts alleged state a claim that arises under state law only: that the conduct of federal savings and loan associations violates state law. The *Rettig* court's conclusion that it could "look beyond" the complaint to the defense of federal preemption is directly contrary to the Supreme Court's holding that the plaintiff's claim must present a federal question "'unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.'" *Skelly Oil Co. v. Phillips Petroleum Co., supra*, 70 S.Ct. at 879. In *Avco*, the Court did not need to look beyond the complaint, because the facts alleged were sufficient to state a federal cause of action. The Court in this case would be required to look beyond plaintiffs' complaint, to the petition for removal or the answer, to find a federal question. The Supreme Court has specifically prohibited the Court from doing exactly that.

■ It might well be desirable for the federal district courts to have the discretion to discern the "real nature" of an action and to assume jurisdiction if it finds that the dispositive issue is one of federal law. Balanced against the desirability of such an approach are the continually increasing caseload of the federal courts and the concomitantly increasing competence of the state courts to decide federal issues. The resolution of this balance is the domain of Congress, and, as the Supreme Court has indicated, the removal procedure reflects a Congressional decision to severely limit the right to remove a state action to federal court. *See La Chemise Lacoste v. Alligator Co., Inc., supra*, 506 F.2d at 344. Congress could, if it so desired, grant to defendants the right to remove an action if they assert

---

4. In *Johnson v. England*, 356 F.2d 44 (9th Cir.) *cert. denied*, 384 U.S. 961, 86 S.Ct. 1587, 16 L.Ed.2d 673 (1966), plaintiff brought an action in state court on a complaint "cast solely on a state created right to bring suit for violation of a collective bargaining agreement [and seeking]

only a remedy under state law." *Id.* at 47. The court held that section 301 of the Labor Management Relations Act preempted the field, so that "a fair construction of the complaint . . . must be that it is necessarily one pursuant to § 301(a) . . ." *Id.* at 48.

a federal defense to a plaintiff's state law claim. *See* H. Wechsler, *Federal Jurisdiction and the Revision of the Judicial Code*, 13 *Law & Contemp. Prob.* 216, 233–34 (1948). Congress has not decided to do so.

■ The Court concludes that defendants' asserted defense of federal preemption does not give rise to federal jurisdiction in this action.[5] Federal preemption may offer a valid defense to plaintiffs' state law claim, but the proper forum in which to raise that defense is the state court.

## PRESENCE OF THE BANK BOARD

■ After the initial removal of this action, the Bank Board intervened without objection from any party. The Bank Board and defendants now contend that the Bank Board's presence alone is sufficient to confer jurisdiction on this Court. Even assuming, as defendants and intervenor urge, that the Bank Board may only be sued in federal court, this Court is not persuaded that the Bank Board's intervention in an otherwise improvidently removed action converts the action into a removable one.

The rules of intervention and joinder of parties are not designed to permit removal of otherwise non-removable actions.

> "[T]he liberal provisions in the Federal Rules of Civil Procedure for amendment and joinder of parties cannot vest a federal court with jurisdiction when it previously had none. This is consistent with

the general rule that removability is to be determined from the face of the complaint at the time of removal." *Coditron Corp. v. AFA Protective Systems, Inc.*, 392 F.Supp. 158, 161 (S.D.N.Y.1975). *See Jacobs v. District Director of Internal Revenue*, 217 F.Supp. 104 (S.D.N.Y.1963). *But see Brough v. United Steelworkers of America, AFL–CIO*, 437 F.2d 748 (1st Cir. 1971); *Comstock v. Morgan*, 165 F.Supp. 798 (W.D.Mo.1958). If, after removal, the plaintiffs had voluntarily amended their complaint and alleged claims against the Bank Board, the Board's presence might have rendered the action removable. But the Bank Board was not joined by plaintiffs; it voluntarily intervened in the litigation. The status of a voluntary intervenor is irrelevant to the determination whether a plaintiff's complaint states a federal question. *See* 1A Moore's Federal Practice ¶ 0.167[11] at 421 (2d ed. 1974).

Defendants and intervenor urge this Court to assume that plaintiffs' failure to oppose the Bank Board's intervention is equivalent to an amendment of plaintiffs' complaint. If this assumption were made, federal jurisdiction in the present action would depend on a party's failure to oppose a motion to intervene in an action which was improvidently removed. Such a result would be contrary to the rule that removal jurisdiction "must be disclosed upon the face of the complaint." *Phillips Petroleum Co. v. Texaco, Inc., supra*, 94 S.Ct. at 1004.

---

5. In reaching the conclusion that defendants' and intervenor's assertion of federal preemption does not create federal jurisdiction, this Court is mindful of *Meyers v. Beverly Hills Federal Savings and Loan Association*, 499 F.2d 1145 (9th Cir. 1974). In that case, plaintiffs brought an action in state court against a number of federal and state savings and loan associations, challenging the exercise of prepayment penalty provisions. The complaint stated claims only under state law. Defendants removed the case to federal court, and on a motion to remand the district court severed the claims against the state associations and remanded them to state court. The court refused to remand the claims against the federal associations and subsequently dismissed them. The Ninth Circuit affirmed the dismissal on the grounds that federal law preempted state regulation of federal savings and loan associations.

The court's affirmance of the dismissal suggests that it believed there was federal question jurisdiction, but neither the parties in their briefs nor the court appear to have addressed the jurisdictional issue. No mention is made in the court's opinion of *State of Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654 (9th Cir. 1972), in which the Ninth Circuit had ruled that "[f]ederal preemption is a matter of defense to a state law claim, and not a ground for removal." *Id.* at 660. This Court believes that the teaching of the Supreme Court in cases such as *Gully, supra*, and *Phillips Petroleum, supra*, is sufficiently clear to overcome any possible contention that the Ninth Circuit's opinion in *Meyers* means that a defense of federal preemption creates federal question jurisdiction.

## CONCLUSION

This Court concludes that the action was improvidently removed, and that the presence of the Bank Board as an intervenor in the action does not create federal jurisdiction. The Court reaches no conclusion regarding the merits of defendants' and intervenor's assertion that federal law preempts state regulation of due-on-sale clauses in the lending instruments of federal savings and loan associations.

Accordingly,

IT IS ORDERED that the action is remanded to the Superior Court of the State of California for the County of Los Angeles.