Michael **KINDNESS**, Plaintiff,

v.

Donald J. **SPANG** and Robert A. Yohe, Defendants.

Civ. A. No. 86–1634.

United States District Court, M.D. Pennsylvania.

May 19, 1987.

Michael Kindness, Harrisburg, Pa., pro se.

Mary Jane Forbes, Jason S. Shapiro, McNees, Wallace & Nurick, Harrisburg, Pa., for Donald J. Spang, Robert A. Yohe, and Bethlehem Steel Corp.

## MEMORANDUM

RAMBO, District Judge.

### Procedural Background

*Pro se* plaintiff Michael Kindness instituted this action in the Court of Common Pleas of Dauphin County, Pennsylvania on or about October 23, 1986. On November 14, 1986, defendants Donald J. Spang and Robert A. Yohe filed a petition for removal of the action to this court, together with a removal bond, pursuant to 28 U.S.C. §§ 1441 and 1446.

On November 19, 1986, defendants filed their answer to plaintiff's complaint. On November 20, 1986, plaintiff filed a petition to remand, to which defendants responded on December 5, 1987.

### Factual Background

Plaintiff is an employee of Bethlehem Steel Corporation (Bethlehem Steel), working at the Steelton plant in Steelton, Pennsylvania. Complaint at ¶ 1. Defendant Donald J. Spang is employed by Bethlehem Steel as a Superintendent of Labor Relation. Complaint at ¶ 2. Defendant Robert A. Yohe is employed by Bethlehem Steel as a Superintendent in the Control Department. Complaint at ¶ 2.

The basis of the complaint against defendants is that they allegedly gave slanderous testimony against plaintiff during a hearing held at Bethlehem Steel–Steelton Plant on January 20, 1986. Complaint at ¶ 22. On January 20, 1986, an arbitration hearing was conducted at the Steelton Plant between Bethlehem Steel and the United Steelworkers of America, Local Union No. 1688 (Union), concerning Grievance No. 83–07198. Petition for Removal at ¶ 6. The grievance proceeding was held in accordance with the collective bargaining agreement in effect between Bethlehem Steel and the Union, which agreement governed the terms and conditions of plaintiff's employment. Petition for Removal at ¶ 7.

The specific incident which forms the basis of the complaint involves the alleged assault between plaintiff and another Bethlehem Steel Employee on August 16, 1984. Complaint at ¶ 16. After the incident, as part of their duties as managers at Bethlehem Steel, defendants investigated the charge of an employee dispute. As a result of the investigation, plaintiff was suspended from work for thirty days. Plaintiff subsequently filed a grievance, which culminated in the January 20, 1986 hearing.

At the hearing, defendants testified regarding their investigation and allegedly slandered the plaintiff. Plaintiff seeks damages for the harm allegedly caused to his reputation and for wages lost during the thirty day suspension which was the subject of the grievance filed by plaintiff in accordance with the collective bargaining agreement between Bethlehem Steel and the Union. Complaint at ¶ 26.

### Discussion

The instant case presents some very difficult issues of removal jurisdiction and preemption. Initially the court must note the distinction between the original jurisdiction of the federal courts and the preemption of state substantive law by federal law. "The field of labor law generally points up the importance of distinguishing between (a) exclusive jurisdiction and (b) the supplanting of state substantive law by federal law. In situation (a), the removed suit must be dismissed because of the derivative nature of removal jurisdiction." 1A *Moore's Federal Practice,* ¶ 0.167(8) (2d Ed.1987).

"If the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although it might in a like suit, originally brought there, have had jurisdiction." *Lambert Run Coal Co. v. Baltimore & Ohio R.R.,* 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922). Because plaintiff's complaint alleges the tort of defamation against defendants, which is a state cause of action, the court is not faced with such a problem here.

In addressing removal jurisdiction Judge Cohill in the United States District Court for the Western District of Pennsylvania stated, "federal courts are courts of limited jurisdiction, the removal statute involved here, 28 U.S.C. § 1441, must be strictly

construed, and the burden of establishing federal jurisdiction is upon the removing party." *Kilmer v. Central Counties Bank,* 623 F.Supp. 994, 996 (W.D.Pa.1985). *Accord, La Chemise LaCoste v. The Alligator Company, Inc.,* 506 F.2d 339, 344 (3d Cir.1974).

As more recently stated by the Third Circuit Court of Appeals,

[i]t is by now well established that the federal question must appear on the face of a well-pleaded complaint. Federal jurisdiction cannot be created by anticipating that a defense based on federal law will be filed to a claim based on state law. *Louisville & Nashville Railroad v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

*Trent Realty Associates v. First Federal Savings and Loan Association of Philadelphia,* 657 F.2d 29, 33 (3d Cir.1981). In addition, the court must evaluate the propriety of removal "on the basis of the record as it stands *at the time the petition for removal is filed." Westmoreland Hospital Association v. Blue Cross of Western Pennsylvania,* 605 F.2d 119, 123 (3d Cir.1979) (emphasis in original).

In the case at bar, defendants contend as a basis for removal that plaintiff's state law claim "arose out of a dispute governed by the terms and conditions of the collective bargaining agreement." Defendants' Brief in Opposition to Remand at 5. Therefore, defendants argue, the cause of action is governed by federal labor law.

Defendants state that in determining whether a case presents a federal question for purposes of federal subject matter jurisdiction the court must look to the "well-pleaded complaint rule." As recently reiterated by the Supreme Court,

[w]hether a case is one arising under the Constitution or a law or treaty of the United States, in the sense of the jurisdictional statute, ... must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose.

*Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914); *Franchise Tax Board of California v. Construction Laborer's Vacation Trust for Southern California,* 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). As concluded by Judge Cohill,

[t]herefore, the fact that a defendant may assert an affirmative defense grounded upon federal law is not a basis for federal jurisdiction. A federal right or immunity must be ascertained as an essential element of the plaintiff's cause of action for the lawsuit to be maintained in federal court. *See Gully v. First National Bank,* 299 U.S. [109] at 112, 57 S.Ct. [96] at 97, 81 L.Ed. [70] at 72 [1936]. Thus, a defendant cannot remove a state law claim from state to federal court even if his defense is based entirely on federal law. *See Northeast Dept. ILGWU v. Teamsters Local Union No. 229 Welfare Fund,* 764 F.2d 147 (3d Cir.1985).

*Kilmer v. Central Counties Bank,* 623 F.Supp. 994, 997 (W.D.Pa.1985).

In the case at bar, the plaintiff's complaint seemingly presents only a claim for the allegedly defamatory statements made by defendants at the grievance proceeding between the Union and Bethlehem Steel. However, in his prayer for damages, plaintiff seeks back pay for wages lost. Complaint at ¶ 26. In addition, plaintiff seeks to challenge the arbitration decision and the actions taken with regard to his employment. Finally, plaintiff states in his complaint that the arbitration proceeding was binding and that the avenue by which he must seek a remedy is through the National Labor Relations Board (NLRB) and the federal court. Complaint at ¶ 23.

Looking at the complaint alone, a basis for federal question jurisdiction does not appear since the claim itself does not rely on federal law, but rather state law. However, as recently stated by a legal commentator, "[a]fter *Franchise Tax Board,* however, where federal law has 'completely preempted' the state law cause of action, it is proper to recharacterize the action as one that actually arises under federal law,

despite the plaintiff's usual mastery over his complaint." Comment, *Federal Preemption, Removal Jurisdiction and the Well–Pleaded Complaint Rule,* 51 U.Chi. L.Rev. 634, 661 (1984) (authored by Richard E. Levy).

Therefore, the court is left with the question of whether federal preemption exists, and if it does, the court must then determine whether federal law provides a remedy. *Kilmer v. Central Counties Bank,* 623 F.Supp. 994, 997 (W.D.Pa.1985).

The United States District Court for the Northern District of Alabama, on facts very similar to the case at bar stated,

> [i]t is an established principle that where the nature of the claim asserted in the complaint is federal, the suit may be removed, irrespective of whether it is so characterized by the plaintiff in his complaint. *See* 1A *Moore's Federal Practice* ¶ 0.160, pp. 185–86 (2d ed. 1982). Here, although the complaint on its fact pleads no cause of action under federal law, plaintiff's deposition clearly elucidates that the complained of statements took place during the course of a management-union grievance proceeding. Where a question of federal status may be involved, a federal court may look beyond the complaint to the background of the plaintiff's claim to determine whether federal question jurisdiction exists. *See* 1A *Moore's Federal Practice* ¶ 0.160, p. 186 (2d ed. 1974), and *La-Chemise Lacoste v. Alligator Company,* 313 F.Supp. 915 (D.Del.1970).

*Brooks v. Solomon Co.,* 542 F.Supp. 1229, 1231 (N.D.Ala.1982). In that case, plaintiff filed suit in Alabama state court against her employer and an officer of the company for damages as the result of false and malicious statements made during a management-union grievance proceeding. In that case, the court denied plaintiff's motion to remand.

In *Olguin v. Inspiration Consolidated Copper Co.,* 740 F.2d 1468 (9th Cir.1984), the Ninth Circuit Court of Appeals held that a tort claim for intentional infliction of emotional distress was properly removed to federal court. In that case the plaintiff did not show that the dispute involved anything other than his employment or work condition. Therefore, the court concluded the claim was governed by federal law to the exclusion of state law and was properly removed. *Olguin,* 740 F.2d at 1476. *Accord, Green v. Hughes Aircraft Co.,* 630 F.Supp. 423 (S.D.Cal.1985).

In the instant case, there is no dispute that the alleged defaming statements concern the alleged assault on August 16, 1984. Plaintiff himself states that the alleged defamatory statements occurred in the context of a grievance proceeding held pursuant to the collective bargaining agreement in place between Bethlehem Steel and the Union. Therefore, as in *Green, supra,* the statements plaintiff challenges are integrally involved with the rights and procedures provided under the collective bargaining agreement.

As a result, removal of this action was proper and plaintiff's claim shall be recharacterized as a claim brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.